# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| FRANCESCA PATRIZIO,<br>   Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 3:18-cv-710<br>JURY |
| REALPAGE, INC., | § § | |
|    Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Francesca Patrizio ("Plaintiff"), complaining of and about Defendant, RealPage, Inc. ("Defendant"), and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Francesca Patrizio is a citizen of the United States and the State of Texas and resides in Dallas County, Texas.

2. Defendant RealPage, Inc. is a foreign for-profit corporation doing business in Richardson, Dallas County, Texas and may be served with process by serving its registered agent authorized to accept service: United Corporate Services, Inc., 815 Brazos Street, Suite 500, Austin, TX 78701.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit pursuant to 28 USCS § 1331 and 28 USCS § 1343(4) because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-5 (as amended), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et.*

*seq.* and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and the ADA Amendments Act of 2008.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants maintain an office in this district, and regularly transact business in this district and did so at all times relevant to this Complaint, all a substantial part of the occurrences made the basis of this suit occurred in this district.

## NATURE OF ACTION

5. This action is brought under 42 U.S.C. §§ 2000e-2000e-5. to secure protection of and redress deprivation of rights secured by federal law which provide for relief against discrimination and harassment based on sex in employment practices.

6. This action is brought under the Americans With Disabilities Act to secure protection of and redress deprivation of rights secured by Texas law which provides for relief against discrimination and harassment based on disability.

7. This action is brought under the Family and Medical Leave Act to secure protection of and redress deprivation of rights secured by federal law which prohibits discrimination and interference with an employee's rights to protected leave under the FMLA.

## CONDITIONS PRECEDENT

8. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), was filed with the Equal Employment Opportunity Commission within 300 days of the acts complained of herein. Plaintiff's Complaint is filed within 90 days of Plaintiff's receipt of the Equal Employment Opportunity Commission's December 26, 2017 dismissal and notice of right to sue letter.

# FACTS

9.  Plaintiff, Francesca Patrizio ("Patrizio"), is a female and was employed by Defendant RealPage, Inc. ("Defendant").

10.  Ms. Patrizio has a covered disability and a serious health condition as defined under the ADA and FMLA, respectively.

11.  Defendant is an employer as defined by Title VII, the ADA and the FMLA.

12.  Ms. Patrizio was employed as an Account Representative from March 2014 through November 17, 2016.

13.  Defendant was aware of Ms. Patrizio's disability. Ms. Patrizio notified her then manager Tad Brown of her disability in 2016 verbally and due to need for time off to attend doctor appointments or to leave early because of her disability. Ms. Patrizio notified also Mr. Barry Quattlebaum, the Manager and her supervisor, directly in person in February 2017 of her disability and on multiple occasions following that, including when she had to leave work due to her disability and when she was written up in the Spring of 2016 by Scott Nelson, VP, Manager, because her disability. Teammates Taylor Jones and Brian Sigletts also harassed Ms. Patrizio about her disability during bi-weekly staff meetings to which Mr. Quattlebaum also laughed. This, coupled with Mr. Quattlebaum's regular use vulgar language, made for a hostile work environment. Specifically, during her employment, Ms. Patrizio was subjected to a sexually hostile working environment based on the severe and/or pervasive use of vulgar sexually offensive language by her supervisor Barry Quattlebaum. This included the routine use of the f-word, demeaning language toward females and discussing a woman's breast augmentation during a staff meeting. Quattlebaum's offensive language was open and often and was well-known to Defendant, yet action was not taken to stop it.

14.     Ms. Patrizio was terminated on Thursday, June 20, 2017. The termination notice came the day after she notified Mr. Quattlebaum that she was being restricted from working by her doctor and the same day that Ms. Patrizio submitted documentation from her doctor to Defendant recommending that Patrizio be restricted from work until she could be evaluated by a specialist.

15.     The initial stated reason for termination was "dishonesty".  This allegation was false and pretextual. Ms. Patrizio had been to the doctor on Monday, June 19, 2017 and was referred to a specialist for evaluation of her disability/serious health condition that afternoon. She was taken off from work until she could see a specialist.

16.     While waiting on confirmation of an appointment with the specialist, Ms. Patrizio's friend picked her up and took her to lunch as she had been ill all weekend and needed to eat.  Ms. Patrizio had soup (because she was not feeling well and also had a surgical procedure two weeks prior that limited her ability to eat) and waited to hear from the specialist's office. When she heard back, that doctor could not see her for several weeks out.  Therefore, she began to search for another specialist that afternoon and found one that could see her on Wednesday, June 21, 2017.

17.     Ms. Patrizio advised Mr. Quattlebaum that the doctor had restricted her from working until she could see the specialist on Wednesday, June 21, 2017.  This notice was given both verbally in a 3 p.m. phone call with Mr. Quattlebaum on June 19, 2017 and in a follow-up email with the doctor note (after she had received it from the doctor) on June 20, 2017.

18.     Rather than be granted the medical leave on June 20, 2017, Ms. Patrizio received an angry call from Gwen in HR that same day accusing her of lying about the reason for her absence.  This allegation was based on a photo that Ms. Patrizio's friend posted on Facebook

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 4**

while they were at lunch.  Ms. Patrizio explained the situation, but Gwen called back and left a voicemail message that Ms. Patrizio was being terminated for dishonesty effective immediately.

19.     After further evaluation and testing she was taken off from work for 6 weeks as of July 6, 2017.  Had Patrizio not been terminated, this leave would have been covered by the Family and Medical Leave Act.

20.     Ms. Patrizio attempted to resolve this matter through an attorney, but RealPage did not respond.  As such, Ms. Patrizio reached out to Curt Twining, Sr. V.P. /Chief People Officer, and again asked for the opportunity to discuss this matter out.  Mr. Twining said he would look into it.

21.     When Mr. Twining followed up, he asserted that she had been terminated for poor performance. Ms. Patrizio assured him that that was not what the voicemail message said. She also explained that her performance had not been as good as the prior 2 years because of her disability/serious health condition and because the territory she was given.  She explained that she had repeatedly made this known (also the last several employees assigned to that territory had likewise struggled because it consisted of only 80 difficult accounts that were insufficient to meet the quotas).   Twining then asked about other skills and said that she could talk with their Recruiter about another position.  Ms. Patrizio then pointed out that she was restricted from working still and was without insurance which was delaying her treatment.  Ms. Patrizio requested that she be reinstated and allowed to go on FMLA/medical leave and apply for other positions upon her release to return to work. Ms. Patrizio followed up this request in an e-mail as well on June 17, 2017.  RealPage refused to grant this request for reinstatement and reasonable disability accommodations.

22. The denial of FMLA leave for her disability, the termination her employment and the subsequent failure to grant her request for reinstatement and medical leave as an accommodation was clearly discriminatory and retaliatory in violation of the Americans With Disabilities Act, and the Family and Medical Leave Act.

### COUNT 1: DISCRIMINATION UNDER THE ADA

23. Plaintiff incorporates the above facts as set forth in paragraphs 1-22.

24. Defendants subjected Plaintiff to discrimination based on her disability by harassing her, terminating her employment and denying her reasonable accommodations for her disability violation of Americans With Disabilities Act, 42 U.S.C. 12112(a) and 12112(b)(5)(A) and the ADA Amendments Act of 2008.

25. Plaintiff was also subjected to a hostile work environment based on her disability. Plaintiff was subjected to unwelcome harassment based on her disability. The harassment affected a term, condition, or privilege of employment and Defendant knew or should have known of the harassment in question and failed to take prompt remedial action. Such conduct violates the Americans With Disabilities Act.

26. Defendants engaged in the discriminatory and retaliatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff, within the meaning of Section 1981a(b)(1) of Title 42 of the United States Code.

### COUNT 2: FAMILY AND MEDICAL LEAVE ACT

27. Plaintiff incorporates the above facts as set forth in paragraphs 1-22.

28. Defendants interfered with Plaintiff's rights to FMLA leave and discriminated against and terminated Plaintiff in retaliation for instituting an FMLA leave claim in violation of 29 U.S.C. § 2615 (a) and (b)(1).

29. Defendants intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family and Medical Leave Act.

30. Plaintiff alleges that Defendants willfully interfered with and denied her rights under the FMLA and discriminated and retaliated against Plaintiff in violation of the Family and Medical Leave Act.

## COUNT 4: DISCRIMINATION UNDER TITLE VII

31. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 - 22.

32. Defendant subjected Plaintiff to unlawful harassment based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

33. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e.

34. The harassment affected a term, condition, or privilege of employment and Defendant knew or should have known of the harassment in question and failed to take prompt remedial action. Such conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e3(a).

35. Defendant engaged in discriminatory practices with malice or with reckless

indifference to the federally protected rights of the Plaintiff, within the meaning of Section 1981a(b)(1) of Title 42 of the United States Code.

## DAMAGES

36. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Back pay from the date that Plaintiff was terminated;

    b. Front pay, including other wages and compensation employee would have been entitled to;

    c. Loss of employment benefits (past and future);

    d. Mental anguish damages (past and future) and other compensatory damages as permitted by law;

    e. Punitive damages as permitted by law;

    f. Liquidated damages as permitted by law;

    g. Reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff as permitted by law;

    h. Reasonable and necessary expert witness fees and other costs incurred in pursuit of this suit as permitted by law; and

    i. Pre-judgment and post-judgment interest as permitted by law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, interest as allowed by law; attorney fees, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ Laura E. Calhoun
Laura E. Calhoun – Lead Attorney
Texas Bar No. 06342400
Email: lcalhoun@albinroach.com
John Mongogna
Texas Bar No. 240026727
E-mail: jmongogna@albinroach.com
Baleigh Walker
Texas Bar No. 24098566
E-mail: bwalker@albinroach.com
5665 Dallas Parkway
Suite 200
Frisco, TX 75034
Tel. (214) 423-5100
Fax. (214) 423-5111
**ATTORNEYS FOR PLAINTIFF**